**WESTINGHOUSE CREDIT CORPORATION,**
Appellant,

v.

**ROVI PROPERTY AND MANAGEMENT CORPORATION, Appellee.**

Court of Appeals of Kentucky.

Oct. 24, 1980.

Gary L. Colley, Middlesboro, for appellant.

John S. Sawyer, Phillip D. Scott, Lexington, for appellee.

Before HAYES, C. J., and HOWERTON and WILHOIT, JJ.

HAYES, Chief Judge.

Westinghouse Credit Corporation appeals from a judgment of the Bell Circuit Court that found Rovi Property and Management Corporation's security interest superior to that of Westinghouse. This case is concerned with the priority of security interests in equipment in a multi–state transaction. A detailed chronology is not necessary here, as we reverse and remand for the trial court to apply the correct law and make a necessary fact determination thereunder, which will direct the ultimate result of this litigation.

Westinghouse argues that Rovi agrees, that the trial court in following the commissioner's report, was incorrect in applying subsection (3) of KRS 355.9–103 to the present case. The collateral here was excavation machinery which falls within the category of goods of a type normally used in more than one jurisdiction and is further subclassified as equipment under KRS 355.-9–109. In fact the commissioner's report did classify the goods as equipment, but then proceeded to apply subsection (3) rather than subsection (2) of KRS 355.9–103. Unfortunately the trial court perpetuated this error.

Rovi maintains, however, that the trial court's result was correct, albeit for the wrong reason. KRS 355.9–103(2) provides that if "the chief place of business" of a debtor is in Kentucky, then Kentucky law determines the validity and perfection of a security interest. If, however, "the chief place of business" is located in another jurisdiction, the law of that jurisdiction will govern the validity and perfection of a security interest. Rovi contends that the commissioner made a finding that the debtor's chief place of business was Kentucky, when his report stated that the debtor maintained a permanent place of business in Bell County, Kentucky. This finding was made in connection with Rovi's filing in the county rather than with the secretary of state, under KRS 355.9–401(1)(c). Such an issue need only be discussed once it has

been determined, pursuant to KRS 355.9–103(2), that Kentucky law even applies. See KRS 355.9–401(4).

We do not believe that maintaining a permanent place of business in a state is equivalent to maintaining the chief place of business there. Comment 3 to Article 9–103 of the Uniform Commercial Code states that the chief place of business is where the debtor manages the main part of its business. Even if we were to accept Rovi's premise that the commissioner's report found Kentucky to be the chief place of business for the debtor, such a finding could not stand because it is not based upon substantial evidence. *Yates v. Wilson*, Ky., 339 S.W.2d 458 (1960). The determination that the debtor had equipment in and had done excavating in Kentucky is not sufficient evidence upon which to base the determination that Kentucky is the seat of operations for the debtor. *See Merchants National*

*Bank of Manchester v. McCarthy*, 16 U.C.C. Rep. 1139 (Mass.App.Div., 1975). It is readily apparent that a debtor could have several permanent places of business in various jurisdictions, but only one chief place of business from where all its business activities were managed and directed.

The possibilities in the present case are that the debtor could have its chief place of business in Ohio, Kentucky or Tennessee. There is also a possibility that the debtor actually moved its chief place of business. These questions must be answered before the court can determine where filings were necessary in order to perfect a security interest.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

All concur.